```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     NORTHERN DIVISION


SYLVIA JONES,                       :
on behalf of JASMINE JONES,         :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :      CIVIL ACTION 07-0368-M
                                    :
MICHAEL J. ASTRUE,                  :
Commissioner of                     :
Social Security,                    :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Children's Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 18, 20).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 31).  Oral argument was waived in this action (Doc. 30).  Upon consideration of the administrative record, the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

---

[1]Even though this action was actually brought by Sylvia Jones on behalf of her granddaughter, Jasmine (*see* Tr. 16), the Court will refer to Jasmine as the Plaintiff.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was twelve years and had completed a sixth-grade education (Tr. 163). In claiming benefits, Jones alleges disability due to seizure disorder, behavior/conduct disorder, obesity, and depression (Doc. 20).

The Plaintiff filed an application for SSI on April 28, 2004 (Tr. 53-56). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Jones was not disabled (Tr. 14-26). Plaintiff requested review of the hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Jones alleges that: (1) All of the record evidence was not properly considered

by the ALJ; and (2) the ALJ improperly determined that several of her impairments were not severe (Docs. 18, 20).  Defendant has responded to—and denies—these claims (Doc. 26).

Plaintiff first claims that the ALJ did not examine all of the evidence.  More specifically, Jones refers to a report, provided by Behavioral Medicine, which was submitted to the Appeals Council after the ALJ had entered his decision (Doc. 20, pp. 8-9; *see also* Tr. 153-59).

It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence."  *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985).  However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review."  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994).  However, "when the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence."  *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).  The Court notes that the Eleventh Circuit Court of Appeals has further stated the following with regard to this issue:

> Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council. Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand.

*Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253 (11th Cir. 2007).

If, however, the Appeals Council accepts the case for review, we consider that new evidence as well, though it is to be examined differently from the balance of the evidence. *See* Falge, 150 F.3d at 1323. *Keeton* directs this Court to look at the new evidence and determine whether it meets the three-prong standard for remanding this action. *Keeton*, 21 F.3d at 1068. To make a determination of remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In examining the action at hand, the Court notes that the Appeals Council denied review of the additional evidence (Tr. 4-

6).  The Court further notes that Plaintiff is claiming, in an argument construed most favorably on Jones's behalf, that the Appeals Council improperly denied review of the new evidence (Doc. 20, pp. 8-9).  Having made this determination, the Court will review the evidence, but only for the purpose of determining whether it should have been considered by the ALJ.

Without summarizing all of the medical evidence that was generated in that report, the Court notes that Jones's mental status was alert and that she was fairly cooperative and oriented in all spheres (Tr. 154).  She was "under talkative," had poor articulation, and sat with her head in her hands; nevertheless, her mood was fine, her affect was normal, her thought content was logical, and her judgment was appropriate (*id.*).  On the WISC-III, she scored in the borderline range; on the WRAT-III, she scored at mid-elementary levels, demonstrating a need for special education placement (Tr. 155).  The Psychologist who administered the tests referred to her as having "some difficulties with comprehension and intellectual functioning" and "mild behavior problems" (Tr. 156).

The Court finds that the three-prong standard has not been met.  The first prong is not met because the Court cannot say that this is new, non-cumulative evidence; the second prong is not met because the Court cannot say that "there is a reasonable possibility that it would change the administrative result."

*Caulder*, 791 F.2d at 877.  The Court finds that Plaintiff's claim that the Appeals Council should have granted review of this evidence and remanded the action back to the ALJ for consideration of it is without merit.

Jones next claims that the ALJ improperly determined that several of her impairments were not severe.  Plaintiff specifically refers to her obesity and depression (Doc. 20, pp. 8, 9).

In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2007).[2]  The eleventh circuit has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Under SSR 96-3p, "evidence about the

---

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."[3]

The Court notes that although Plaintiff has pointed to parts of the record which discuss those impairments, the Court finds nothing therein which inform the reader of how those impairments limit Jones's ability to perform daily activities and her school routine.  Furthermore, the Court notes that the ALJ has analyzed the six domains of function, supporting his findings with specific, relevant medical evidence (Tr. 21-26).  The Court finds that Plaintiff has failed to demonstrate that the ALJ did not properly consider the severity of her depression and obesity.  At the very most, the ALJ's failure to find that these impairments are severe is harmless error.

Jones has raised two claims in bringing this action.  The Court has found them both to be without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see*

---

[3]The Court is aware that Plaintiff is twelve years old and, at that age, is not expected to work.  Nevertheless, the case law is instructive in that the severity of an impairment for a child is measured in terms of its interference with the child's ability to do that which a child does, as measured by the six domains of function.

7

*Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 25th day of January, 2008.


                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE